Let me just get clarity on the split of the time and rebuttal Your honor the idea is that mr. Wassmer and I will split six minutes and then if there is Remaining time for rebuttal then I will do the rebuttal All right, so six minutes each and you with rebuttal. Yes, your honor All right Thank You, mr. Mayor, please begin your argument Good morning, may it please the court and counsel This is an appeal from a criminal case Which conditional pleas were entered to the offense of possession with intent to distribute Methamphetamine The conditional pleas related to Motions to suppress that Raise I'm gonna Mention three of the main issues. I don't know if I'll get to them all but There is a Terry stop issue There is an Arizona vs. Gantt Search incident to arrest issue and there's a Florida vs. Wells Inventory issue Regarding the Terry issue Mr. Liva my client Was a passenger in the vehicle Driven by miss Campbell Martin who's mr. Wassmer's client it pulled into a Well-lit parking lot turned out to be Parking lot for the Linmar High School in Marion, Iowa there was a police officer in the lot because the School had decided not to allow kids and cars to congregate in the lot in the evening it was 10 30 11 o'clock at night the officer observed the vehicle that Was driven by this Campbell Martin drive into the lot Had no prior Involvement with the vehicle no reports of any wrongdoing the car is pulled in Close to where the officer was the officer at the suppression hearing said that She Saw Campbell Martin make some kind of motion with her hand that the officer thought was an attempt to block her face and responded by driving or parking the vehicle the police vehicle within it maybe 10 15 feet of The vehicle that was driven by Campbell Martin which had stopped at that point and Shining the police spotlight directly on the vehicle The then The officer her name was officer hots approached the vehicle and Started asking questions of it in about 55 seconds of the time. She arrived at the vehicle As she made a statement something's going on here what's going on run me through it Followed by Air quotes request for mr. Liva to Provide his identification. This eventually led to mr. Live as arrest for providing false Information a false I counsel if you if you would the time is passing quickly, would you focus on? specifically what your argument is for legal error for For the relief you seek the argument is that Shining that the officers conduct constituted a stop without reasonable suspicion and therefore the fruits of The entire stop must be suppressed Including the subsequent stop search of a backpack that was in near mr. Liva In the passenger seat of the car the What's the authority that you cite for the conduct of the officer to approach the car When she's been approaching other cars in the lot to ask them to to leave What what about that conduct is improper She didn't just approach the car and tell them to leave which I agree would have been entirely appropriate instead She from a close range shined a high-powered spotlight directly Into the face or into the end of the vehicle another Case Noted that these lights are designed to illuminate the stop car as well as provide protection for the officer by blinding and Disorienting the car's occupants if they look at the squad car Given that a reasonable person placed in a spotlight would feel unfree to leave the use of such light is suggestive of a stop Was there any evidence that that that light was used on other cars? As well or other people in the parking lot There was in a video there was One of the videos was a different officer came noticed another vehicle in the lot followed it and just pulled up and Asked the occupants to leave So not in that instance and there's nothing in the record to indicate that the spotlight was used on any other vehicle What do you do with the United States versus Mayberry? It's a 2012 case in which we said that shining a spotlight into a vehicle is not necessarily a seizure Well, maybe it can be distinguished by a couple of grounds One is That maybe it wasn't the Mayberry wasn't stopped He you ran off. So that was indicative that there was no stop, but Factually the we can't tell from reading the opinion exactly but The police car was on the street The car that Mayberry was in was in a parking lot some distance away. We don't know how far but in this case Lighters case that they were it was very close There's a on page 10. There's a photograph of how close the police car was to the vehicle So, that's how I think we can distinguish Mayberry As far as the If there had not been the shining of the light Would you still say there was a stop by the officer approaching the vehicle to have a conversation? There's another factor your honor which was that the officer Tone of voice I think is relevant and you can see that from watching the video. It was very assertive and she Also said Something's going on here run me through it. What's going on? So she was making accusations as well So she didn't so those I think that all three of those facts factors put together indicated stopped it and more when she indicated that That the occupant that the vehicle wasn't If it had left she would have stopped so Mr. Mayberry, I think you Detained and in actuality they were detained. So I think you're going to need to yield your time to Mr. Tremble to give To give him an opportunity Yeah, mr. Wassmer. I'm sorry. Mr. Wassmer. Mr. Tremble is for the appellate Mr. Wassmer Thank you, your honor. I'd like to address the inventory issue here The officers in this case did not comply with the Marion Police Department's impound and inventory policy That policy lists six circumstances under which the police may impound an inventory of vehicle An impound of course occurs when there's a valid reason to seize the vehicle The inventory occurs to make sure that any personal property in the vehicle is properly accounted for The reason that the government and the police proffered here Is that the vehicle can be impounded and inventory when the owner or other person in possession of the vehicle is arrested However in order to be reasonable and pass constitutional muster that provision must be interpreted to apply Only when there is no other owner or other person in possession of the vehicle present to take custody of vehicle who would be authorized To remove the vehicle from the scene Mr. Wassmer is Incident to arrest the only basis for Impound on the facts that we have here But under the guidelines, it seems that when the officer is unable to determine if the vehicle is properly registered And there's some question about Possession that seems to be a more applicable provision under the tow policy for What happened on the facts we have well the police and the government here Primarily argued about the when the owner other person in possession of a vehicle is arrested With regard to the provision that you just referenced your honor There wasn't really a dispute as to who the whether or not the vehicle was properly registered. It was properly registered the Question I suppose is be whether or not there was sufficient evidence that the vehicle had been validly loaned to mr. Harris, but there was nothing to counter that Assertion that it had been loaned to mr. Harris and that mr. Harris had then consented to miss Campbell Martin driving the vehicle So I don't think that exception applies and and also that was not particularly the reason that was proffered by the police For the as the reason for the impound and the inventory If this search was proper under Gantt as a search incident to arrest would we even need to reach the inventory? question No, the search can be proper under either the inventory exception or under the Gantt incident to arrest I think either one's an independent reason for justifying the search So from the our standpoint we would have to win on both issues in order for the court to find the search invalid Why is it improper under Gantt? Basically there it's because The crimes that the mr Levia and mr. Campbell Martin were arrested for were providing false information false identification And then miss Campbell for not having a valid driver's license at the time They were arrested the this the police had all the information they needed With respect to that they had the identification of each they had miss Campbell Martin's driver's license Which had already been provided by mr. Harris from a purse that was in the backseat There wasn't any likelihood that there was any other evidence in The car that would have been relevant to those offenses that they were arrested for So basically what this then turns into is a search by the police for evidence of additional crimes Based on a hunch that they might be involved in some illegal activities such as drug trafficking Well, I know we don't look at this like in hindsight, but didn't they actually find? more identification information in the backpack and in the center console Not with respect to miss Campbell Martin at least And I don't recall if they did with respect to mr. Levia or not I think there was some like Papers with their names on them, but that wouldn't be relevant to the offenses that they were arrested for I'm just wondering what the logical extension of this argument is. So suppose that they found They found Mac and I'm changing the facts suppose They found that in an open view and there was a backpack sitting in the backseat It seems to me like the officers would then be able to even though they have a good map charge against the occupants of the Vehicle they could still reach back into the backpack supposing There's a backpack and see if there's more meth in the backpack. Why is it the same thing true here? Well, I know what the scenario that you've described your honor the police there now have At least probable cause to believe that they are involved in drug trafficking Okay, and they may have already arrested them for possession of the meth that was in plain view In that case, I think they are justified in searching for additional evidence of drug trafficking such as scales, you know packaging materials You know drug ledgers, you know anything like that but here you have to look at the what they were arrested for and when it's in the search incident to arrest and we're looking at the Part of that test that has to do with evidence of the crime of arrest There isn't any likelihood of additional evidence that would support That crime of arrest the police already have everything that is available and needed to charge them with what they've been arrested for whereas in the scenario the court describes There could be Is that really the test that you know that they have enough evidence to support the charge? Or is the test that there might be further evidence that would would help the you know be relevant to the charge Well, the test is there might be further evidence, but once they've already found miss Campbell Martin's identification You know her actual driver's license There isn't going to be any further evidence that's needed or likely to be found that identifies her It Just simply isn't there I see what my time is up. So unless the court has any further questions, I would conclude my argument Thank You. Mr. Wasserman Mr. Turner Thank you, Your Honor. May it please the court counsel mark tremble assistant u.s. Attorney and Cedar Rapids, Iowa First of all with regard to the consensual encounter For the reasons outlined in our brief. This was not a stop It was a parked car The officers were not positioned to limit the movement of the car there was one officer there until Sergeant Holland arrives about 13 minutes later and There's no language indicating compliance was necessary. So for those and the other reasons outlined in our in our brief This was a consensual encounter and the court doesn't need to reach the reasonable suspicion argument However in the event the court reaches the reasonable suspicion argument and looks at this at some point as a Terry stop We would note that some times on the videotape from officer Holtz her observations regarding reasonable suspicion for OWI Nervousness fidgeting speech quick pupils constricted and heavy breathing that was between 0 and 30 seconds of the videotape She also couldn't couldn't couldn't the constricted pupils have been a result of the spotlight and not some Nervousness or evidence of possible misconduct Your honor there certainly could be And I don't recall at which point specifically the officer saw the constricted pupils. Certainly there could be an explanation for That in that but then in combination with all the other factors and the observations that the officer made We believe all that together those Observations she made were in the first 30 seconds and then later on there were some comments on the video about how she observed that She was tweaking The no DL. I don't have my ID that was at about 40 to 43 seconds There was reasonable suspicion there that she was driving without a license the false information to the officers Ms. Campbell Martin gave that at about three minutes and nine seconds and mr. Liva at about three minutes and 46 seconds and the false information included false names They'd already indicated. They didn't have IDs They didn't know there's the last four of their social security numbers and he stumbled over his date of birth So all that gave reasonable suspicion for that offense Reasonable suspicion potentially for a stolen vehicle that would have been at about eight minutes and 25 seconds in the video But earlier on the video were reasonable suspicions for us for other things Regarding the inventory issue. We believe that the inventory Is the policy authorized it on both grounds under a six and a four? We would note that under a six the magistrate court found that that applied the district court did not We believe the district court Erred in relying on the red language the policy impoundment policy that was provided the court was provided after An Iowa Supreme Court decision then it was altered and there was some red language that was added in number six That language was not in effect at the time of this stop And so number six read when the owner or other person in possession the vehicle is arrested and that happened here Ms. Campbell Martin was in possession of the vehicle. She was arrested now the defense argues that The officer should have let mr. Harris drive the vehicle away This was not required by the policy that they'd let him drive it away, but keep in mind that mr. Harris had an ID He didn't have a driver's license He claimed that the car belonged to a friend named April Johnson or April Johnston Later said it was Kristen Jefferson And then he borrowed the car from a co-signers cousin is what he said so given all that There's a real question about mr. Harris's connection to the vehicle. That's a six Under a four as the court points out It's also allowed under the policy when the officers unable to determine if the vehicle is properly Registered and the properly is the question here, and there is some question as to who should have possession of the vehicle and Again, it's it's a similar argument The district court ruled it was unclear if it was properly registered Kristen Jefferson was the name they determined it was registered to Harris mr. Harris said it was April Johnston, and there was some confusion about that and so The officers did you know there's some question as to who should have possession of the vehicle either of those Would qualify under the inventory policy and then in terms of standardized procedure The sergeant acknowledged that after the methamphetamine was found That he should have stopped the inventory after he found the methamphetamine at that point however there was clearly probable cause there would have been Exigent circumstances and probable cause at a search and the fact that he did continue the search after he found the meth doesn't turn this into a pretextual issue With regard to the question on the search incident to arrest this in false information is different from the offense of driving under suspension Excuse me Driving under suspension the government has to prove that a person is driving and that the license is suspended and proving a false statement is can be more complicated than a yes or no of Whether a license is suspended and further evidence can help prove that case prove whether the name is false Prove whether the date of birth is false prove whether other information is false Here the district court correctly determined that officers need not desist when they possess some evidence in offense of an offense they may continue to search until they've uncovered all the evidence that's within their lawful authority to obtain and We believe that was a correct ruling. I'd be happy to answer any questions the court has Mr. Tremont I've looked at the video yesterday and I Have two concerns one with respect to the search incident to arrest The way they were going through things it didn't look to me You know, they were rummaging through various items in the backseat, which was full of various stuff It just didn't have the sense that they were actually looking for identification type things and They had a sense that something was going on here and they even made comments along that line And then secondly with respect to an inventory it didn't look really like an inventory either you know at least normally in my experience you do the impound you bring the thing back and One officers got a taken notes of the various items in the car and the other officers calling out what the items are It didn't look like that either So help me out a little bit Your honor regarding what they were looking for They can they can have an Investigatory interest as well as as as do an inventory in terms of in doing the inventory. What were they looking for? Or what was their order in terms of looking? You know, I I don't know I don't recall specifically which items they were looking at first and what the method was that they were they were going through that I think it would be Able to be out hand It didn't look like an inventory where somebody's saying, okay There's a can of coke and there's a pair of sunglasses and there's you know, the various items. They're just searching. I Think there was some testimony and I don't recall precisely where this was at was that they would At later at the station that they would they would Write specific things down, but I'm not sure how that I don't recall how that would have been catalogued So yeah, I don't I don't recall anything on the video that that your honor Described but I I think the search can be upheld as a Valid inventory and as a search incident arrest even if we don't even if we don't know precisely by looking at the video what I know why they are looking at a certain part of The back seat of the front seat before going on to another part, but beyond that I don't I don't recall any Detail on that your honor I Don't see any additional questions. Thank you. Mr. Trimble. Thank you. Your honor. Mr. Meyer Just regarding the Arizona vs. Gantt issue There's really no difference between No practical difference we would assert between driving under suspension Which is what miss Campbell Martin was doing which mr. Gantt was doing and providing false information. They're both status You're not the person who you say you are you don't have a license that's a status You're not accused of a crime that involves doing something or having something which would then justify looking in a vehicle for additional evidence, so there's no practical difference between What Gantt was stopped for and what is Campbell Martin and mr. Oliver were stopped for and arrested for and that's why Arizona vs. Gantt applies With respect to the The Inventory I certainly agree that Looking at that video the officers Had an investigatory intent. I mean they Know one of the officers the second one said that they're up to no Leaping good And it was almost a relish with the way that the search was conducted which which is fine But it's just indicative of the intent and the officer went straight to the backpack That was the first place. He went to look so Moreover that same officer didn't stop after he looked in the backpack Violation of the Inventory policy Which is also indicative others of the purpose for the search not being just a cattle on the items in finally Thank You, mr. Meyer Thank You. Mr. Wasserman. Mr. Tremble court appreciates all councils Participation in the argument this morning and providing us help in resolving the issues appealed Thank you very much council may be excused